STATE OF WISCONSIN       CIRCUIT COURT       CLARK COUNTY
Branch I

---

KLYDE GEBELEIN,
H4129 State Highway 13
Colby, WI 54421,

           Plaintiff,

    vs.

WISCONSIN MUNICIPAL MUTUAL
INSURANCE COMPANY,
4785 Hayes Road, #200
Madison, WI 53704,

SECURITY HEALTH PLAN
ADVOCARE,
1515 Saint Joseph Avenue
Marshfield, WI 54449-8000,

       and

TROY DEILER,
DEPUTY OF MARATHON COUNTY
SHERIFF'S DEPARTMENT,
500 Forest Street
Wausau, WI 54403,

          Defendants.

CIRCUIT COURT
CLARK COUNTY WISCONSIN
FILED

MAY 12 2016

HEATHER BRAVENER
CLERK OF COURT

**SUMMONS**

Case No. 16-CV- _73_

Case Code 30107

---

THE STATE OF WISCONSIN to said defendants:

You are hereby notified that the above-named plaintiff has filed a

lawsuit or other legal action against you. The Complaint, which is attached,

states the nature and basis of the legal action.

Within 45 days of receiving this Summons, you must respond with a

written Answer, as that term is used in Chapter 802 of the Wisconsin

Statutes, to the Complaint. The Court may reject or disregard an A[...]

DEFENDANT'S
EXHIBIT

A

1

that does not follow the requirements of the Statutes. The Answer must be sent or delivered to the Court, whose address is: Clark County Courthouse, 517 Court Street, Neillsville, Wisconsin 54456 and to TLUSTY, KENNEDY & DIRKS, S.C., plaintiff's attorneys, whose address is 1155 Grand Avenue, P.O. Box 588, Schofield, Wisconsin 54476-0588. You may have an attorney help or represent you.

If you do not provide a proper Answer within 45 days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A Judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 9th day of May, 2016.

TLUSTY, KENNEDY & DIRKS, S.C.
Attorneys for Plaintiff

BY: _____
Jerome P. Tlusty
State Bar No. 1012076

POST OFFICE ADDRESS:
1155 Grand Avenue
P.O. Box 588
Schofield, WI 54476-0588
(715) 359-3188

STATE OF WISCONSIN        CIRCUIT COURT        CLARK COUNTY
Branch I

_____

KLYDE GEBELEIN,
H4129 State Highway 13
Colby, WI 54421,

        Plaintiff,

vs.

WISCONSIN MUNICIPAL MUTUAL
INSURANCE COMPANY,
4785 Hayes Road, #200
Madison, WI 53704,

SECURITY HEALTH PLAN
ADVOCARE,
1515 Saint Joseph Avenue
Marshfield, WI 54449-8000,

        and

TROY DEILER, A DEPUTY OF
MARATHON COUNTY SHERIFF'S
DEPARTMENT,
500 Forest Street
Wausau, WI 54403,

        Defendants.

CIRCUIT COURT
CLARK COUNTY WISCONSIN
FILED

MAY 1 2 2016

HEATHER BRAVENER
CLERK OF COURT

**COMPLAINT**

Case No. 16-CV- 73

Case Code 30107

_____

The above-named plaintiff Klyde Gebelein by his attorneys TLUSTY,

KENNEDY & DIRKS, S.C., hereby complains of the defendants and alleges as

follows:

1



## FIRST CAUSE OF ACTION: CIVIL RIGHTS CLAIM 42 USC SECTION 1983

1)     The plaintiff Klyde Gebelein is an adult residing at H4129 Highway 13, Colby, Marathon County, Wisconsin and was engaged in the excavation business.

2)     The defendant Wisconsin Municipal Mutual Insurance Company, hereinafter WMMIC, is a Wisconsin Mutual Insurance Company with its principal office located at 4785 Hayes Road, #200, Madison, Wisconsin 53704 and is in the business of providing liability insurance to member municipalities and their departments and employees.  WMMIC issued a policy of liability insurance that was in effect on August 6, 2015 and it is liable for all damages alleged herein.

3)     The defendant Security Health Plan Advocare, is a Wisconsin insurance corporation authorized to conduct business in the State of Wisconsin with its principal office located at 1515 North Saint Joseph Avenue, Marshfield, Wisconsin 54449 and is engaged, inter alia, in the sale and issuance of health insurance.  The defendant, Security Health Plan Advocare, may be entitled to reimbursement for healthcare expenses paid to or on behalf of the plaintiff as a result of the injuries sustained by him as hereinafter set forth, and, therefore, said defendant is a property party to this action.  Said defendant is not entitled to reimbursement unless and until the plaintiff is made whole.

2

4)    The defendant Troy Deiler was a Deputy of Marathon County,
Wisconsin on August 6, 2015, assigned as the handler and trainer of a
canine, Leo, owned by Marathon County.

5)    On and before August 6, 2015, Marathon County, Wisconsin
purchased liability insurance coverage through WMMIC for Marathon County,
500 Forest Street, Wausau, Wisconsin and its deputies and sheriffs.

6)    On August 6, 2015 at approximately 9:45 a.m., in Clark County,
Wisconsin, the plaintiff Klyde Gebelein was seriously injured by the excessive
use of police force by Deputy Troy Deiler under color of law in arresting the
plaintiff resulting in a cause of action against the defendants, Deiler and
WMMIC in a federal civil rights case, which can be brought in Clark County
Circuit Court, pursuant to 42 USC Section 1983 and which claim does not
need to comply with the Wis. Stat. 893.80(1) notice requirements.

7)    Shortly before the unreasonable excessive use of force by
Deputy Deiler's handling of canine, Leo, the plaintiff was operating a Ford F-
350 pickup truck in Colby, Wisconsin, hauling an excavator on a tandem axle
fifth wheel trailer, all owned by the plaintiff or his L.L.C., and not for hire to
the general public.  The plaintiff, while operating said pickup truck, was
stopped by Marathon County Deputy Matt Scheffler in Colby, who wanted to
perform a safety inspection of the plaintiff's vehicle and load.

8)    The plaintiff gave Deputy Scheffler his Wisconsin Driver's License
for identification.  A discussion developed between the deputy and the

3

plaintiff about whether or not a CDL was needed by the claimant, and whether DOT numbers needed to be displayed on the pickup truck; the plaintiff asserted he was "not for hire" to the public. Deputy Scheffler insisted on a safety inspection then and there. The plaintiff advised he needed to be at a job site in Dorchester immediately. The Deputy advised the plaintiff not to leave. The plaintiff ignored the deputy and slowly proceeded to the job site, which was approximately 10 minutes away, never exceeding the speed limits. The Deputy followed in pursuit. The plaintiff arrived at the job site in Clark County, exited his truck and casually walked back toward Deputy Scheffler's squad car, intending to allow the safety inspection.

9)    All this pursuit time, Deputy Scheffler had the plaintiff's driver's license, knew the plaintiff's identity, knew the plaintiff to be about 68-years-old, knew the plaintiff to be a local resident, knew the plaintiff had no criminal record, knew the plaintiff was going to a job site in Dorchester, knew that the plaintiff was unarmed and not guilty of a serious crime. Some or all of this information was communicated to all Marathon County Deputies through the department radio.

10)    Deputy Deiler and three other deputies arrived at the final stop at the job site to assist Deputy Scheffler. A total of five deputies were at the arrest site and Deputy Deiler knew, or should have attempted to know, that the plaintiff was unarmed. Nevertheless, without his supervisor's permission

4

and without warning the plaintiff, Deputy Deiler released canine Leo from his police cruiser without a leash and commanded the canine to attack the plaintiff. As a result, the canine attacked and seriously injured the plaintiff and would not release the plaintiff. The plaintiff attempted to ward off the canine as the plaintiff was on the ground. Deputy Deiler had to physically pull the canine off the plaintiff using both arms.

11)   Five days later, Deputy Deiler misrepresented material facts in his canine supplemental narrative report, specifically, by incorrectly describing the plaintiff's actions upon exiting his vehicle, which facts are not supported in the video recording; all in an attempt to cover up his abuse of police power. Thereafter, Captain Sean McCarthy of the Marathon County Sheriff's Department made a press release, presumably based upon Deputy Deiler's canine supplemental report, to the Abbotsford Tribune-Phonograph for publication stating that the actions of Deputy Deiler were appropriate; said incorrect report caused the plaintiff public humiliation and embarrassment. Said newspaper serves the Abbotsford, Colby, Dorchester and Curtiss, Wisconsin area where the plaintiff resides and did business.

12) The actions of Deputy Deiler and the canine, Leo, are in violation of the Marathon County Sheriff's Department's Canine Policy Manual 309, including failure to comply with Marathon County Sheriff's Department's Canine Policy, sections 309.06, 309.06.1 and 309.03.2 (attached and

5

incorporated herein by reference) which were in full force and effect on August 6, 2015.

13)   As a result of Deiler's acts and omissions, the plaintiff received medical treatment in excess of $10,084.92 and suffered past and future pain and suffering to his person of a severe and permanent nature consisting of cuts, bruises, and lacerations requiring stapling and resulting in severe permanent scarring, humiliation, fear of death and mental distress; in addition to other out-of-pocket expenses, all to his damages as will be proven at trial.

14)   Deputy Deiler deprived the plaintiff of his United States Constitutional Rights including, but not limited, to be free of an unreasonable seizure and free of cruel and unusual punishment as guaranteed by the Fourth, Fifth and Eighth  Amendment to the United States Constitution and entitling the plaintiff to punitive and compensatory damages.

15)   The acts of Deputy Deiler described above were under color of law and constituted excessive use of force and involved a reckless or callous indifference to the Plaintiff's guaranteed Federal Constitutional rights, set forth above, entitling the plaintiff to punitive as well as compensatory damages.

WHEREFORE, the plaintiff demands judgment against the defendants WMMIC and Troy Deiler as follows:

6

A)    For compensatory damages as will be proven at trial, together

with the plaintiff's costs, disbursements and allowable attorney's fees

incurred herein;

B)    For punitive damages including actual or reasonable attorney's

fees;

C)    For such other relief as the court may deem just and proper; and

D)    A twelve person jury trial is demanded.


Dated this 9th day of May, 2016.


TLUSTY, KENNEDY & DIRKS, S.C.
Attorneys for Plaintiff

BY: _____
      Jerome P. Tlusty
      State Bar No. 1012076


POST OFFICE ADDRESS:
1155 Grand Avenue
P.O. Box 588
Schofield, WI 54476-0588
(715) 359-3188

ALL COUNTY DISPATCH
SERVED BY
ON _6/_ _3_ _2016_ AT _3:17_ _PM_